UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EURAL R. THOMAS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 4:19-CV-198 CAS |
| ST. LOUIS BOARD OF EDUCATION, | ) ) ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion to dismiss plaintiff's first amended complaint under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to exhaust administrative remedies, filed by defendant Special Administrative Board of the Transitional School District of St. Louis.[1] Plaintiff has not filed a response and the time to do so has passed. For the following reasons, the Court will grant defendant's motion.

**I.	Background**

Plaintiff is a former employee of defendant whose employment was terminated in June of 2018. On February 8, 2019, plaintiff filed this action as a pro se litigant against defendant on the Court's form Employment Discrimination Complaint. Plaintiff checked boxes indicating his complaint is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA"). Plaintiff also checked the box for "Other" and listed the following additional claims: "Equal Pay Act, Violation of the Collective Bargaining Agreement, Fair Labor

---

[1] Plaintiff brought this action against the "St. Louis Board of Education," but defendant asserts that its correct name is the Special Administrative Board of the Transitional School District of the City of St. Louis.

Standards Act of 1938, The Employee Retirement Income Security Act of 1974, The Missouri Administrative Procedures Act 168.281, Emotional Distress, Invasion of Privacy, Retaliation, Defamation." (Doc. 1). Under the heading titled "Nature of the Case," plaintiff checked boxes for (1) failure to hire me; (2) termination of my employment; (3) failure to accommodate my disability; (4) terms and conditions of my employment differ from those of similar employees; (5) retaliation; (6) harassment; and (7) other conduct, which he indicated as: "Worked In a 'Hostile Work Environment' [and] Constant Ignoring of Company Rules, Regulations and Policies." (Doc. 1).

Prior to filing the complaint, plaintiff filed a Charge of Discrimination ("Charge") with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). (Docs. 27-1, 1-1). In the Charge, plaintiff checked only the box for "Retaliation" as his basis for discrimination. In the space provided for "particulars," plaintiff described defendant's allegedly retaliatory conduct:

> I. I was hired by the St. Louis Board of Education as a Custodian in June 1990. I was employed as a Stationary Engineer at the time of my discharge on June 5, 2018. I believe that my discharge was in retaliation for my participation as a Trustee on the Pension Board and for my service as a Shop Steward for the union.
>
> II. I was discharged for violations of SAB Policy - 4840 Code of Conduct and Ethics. The allegations levied against me are untrue and my discharge was not handled in accord with Missouri Statute, Chapter 168, Section 168.281.1 and in violation of the School Board's own policies.
>
> III. I believe that I have been discriminated against by being discharged on the basis of retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended; and in violation of the Americans with Disabilities Act.

(Doc. 27-1).

The EEOC provided plaintiff with a notice of right to sue. (Doc. 1-1). The MCHR, however, issued plaintiff a Notice of Termination of Proceedings, stating that it lacked jurisdiction over the

matter because the complaint did not involve an activity covered by the Missouri Human Rights Act ("MHRA"). (Doc. 27-3).

On March 5, 2019, defendant filed a motion to dismiss or, in the alternative, motion for a more definite statement, arguing that plaintiff's complaint did not sufficiently plead detailed or specific factual allegations as to his claims. (Doc. 8). On March 27, 2019, the Court issued an order affording plaintiff an opportunity to cure the alleged pleading defects and granted plaintiff leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). (Doc. 12).

On April 23, 2019, counsel filed an entry of appearance on behalf of plaintiff. (Doc. 13). On May 20, 2019, plaintiff, now represented by counsel, filed a first amended complaint, alleging disability discrimination under the MHRA §§ 213.010, et seq., Mo. Rev. Stat. (Count I), and the ADA (Count II). (Doc. 21). Specifically, plaintiff alleges he was discriminated against by defendant as a result of a diagnosed medical condition and that disability was the motivating factor in defendant's termination of plaintiff. Retaliation is not included as a claim in the first amended complaint.

**II. Discussion**

Defendant moves to dismiss plaintiff's claims under the MHRA and ADA for failure to exhaust administrative remedies prior to bring suit. It is well settled a plaintiff may not bring a claim that was not included in the administrative charge to the EEOC. Lindeman v. Saint Luke's Hosp. of Kansas City, 899 F.3d 603, 608 (8th Cir. 2018) (plaintiff must administratively exhaust specific claim under ADA prior to filing suit); Russell v. TG Missouri Corp., 340 F.3d 735, 748 (8th Cir. 2003) (same). Likewise, under the MHRA, "[t]he filing of an administrative complaint 'is a prerequisite to seeking judicial relief.'" Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 853 (8th

Cir. 2012) (quoting Igoe v. Dep't of Labor & Indus. Relations, 152 S.W.3d 284, 287 (Mo. 2005) (en banc) and citing Mo. Rev. Stat. § 213.075.1).

"The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (citation omitted). "[T]he complainant must file a charge with respect to each alleged unlawful employment practice . . . . Each discrete act is a different unlawful employment practice for which a separate charge is required." Id. at 851 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)).

To determine what federal claims a plaintiff exhausted, the court is to look to the boxes the complainant checked on the charge of discrimination, see Blakley v. Schlumberger, 648 F.3d 921, 931 (8th Cir. 2011), and the narrative description of the allegations. See Tyler v. Univ. of Ark. Bd. of Trustees, 628 F.3d 980, 989 (8th Cir. 2011). Further, "a plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." Wedow v. City of Kan. City, Mo., 442 F.3d 661, 672 (8th Cir. 2006) (quotation marks and citation omitted); see also Reed v. McDonald's Corp., 363 S.W.3d 134, 143-44 (Mo. Ct. App. 2012) (applying the same standard for claims alleged under the MHRA). Although a court should "liberally construe an administrative charge for exhaustion of remedies purposes, . . . there is a difference between liberally reading a claim which lacks specificity, and inventing, ex nihilo, a claim which simply was not made." Sellers v. Deere & Co., 791 F.3d 938, 943 (8th Cir. 2015) (quotation marks and citation omitted).

4

In the instant case, plaintiff completed his Charge and submitted it to the EEOC and MHRC. The form instructs complainants to check the appropriate boxes for the alleged cause of discrimination. Plaintiff checked the box for "Retaliation." Plaintiff did not check the box for "Disability" and did not allege any facts in the narrative section of his Charge to raise the issue of disability discrimination. To the contrary, plaintiff's Charge was highly specific: "I believe that my discharge was in retaliation for my participation as a Trustee on the Pension Board and for my service as a Shop Steward for the union." (Doc. 27-1). The Charge does not contain any allegations or facts to support that plaintiff was terminated as the result of a medical disability covered under the MHRA or the ADA.

The Court concludes plaintiff's claims of disability discrimination in his first amended complaint are not like or reasonably related to his Charge with the EEOC, in which plaintiff alleged he was retaliated against as a result of his positions on the Pension Board and with the union. Consequently, plaintiff cannot now pursue such a claim in this Court. See Bainbridge v. Loffredo Gardens, Inc., 378 F.3d 756 (8th Cir. 2004) (plaintiff did not exhaust his administrative remedies because he did not check the box for the claim he wished to pursue in court and did not allege facts in the EEOC charge form to support that claim). Because plaintiff did not properly exhaust his claims, this case must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's first amended complaint for failure to exhaust administrative remedies, is **GRANTED**. [Doc. 24]

An order of dismissal will accompany this Memorandum and Order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of July, 2019.